# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8659 (appellate court no. 12-1390) | **DATE** | 3/20/2012 |
| **CASE TITLE** | Torize D. Davis (L-74361) vs. John Willer, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* on appeal [16] is denied. The court certifies that the appeal is not taken in good faith and orders Plaintiff to pay the appellate fees of $455. If payment is not made within 14 days, the Court of Appeals may dismiss Plaintiff's appeal for want of prosecution. The clerk is directed to send a copy of this order to Plaintiff, the trust fund officer at Pontiac Correctional Center, and the PLRA Attorney for the Seventh Circuit.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Torize D. Davis is currently incarcerated at the Lake County Jail (#L-74361). In December 2011, he initiated this 42 U.S.C. § 1983 suit against Lake County Deputies John Willer and Forlenza, as well as the Antioch and Lake County Police Departments. Plaintiff alleged that Deputy Willer conducted an illegal search of Plaintiff's apartment in September 2007. Evidence obtained from the search led to Plaintiff's conviction on several drug counts. In February 2010, the Illinois Appellate Court reversed Plaintiff's conviction upon determining that the search was illegal. *People v. Davis*, 924 N.E.2d 67 (Ill. App. 2d Dist. Feb. 24, 2010), appeal denied, 932 N.E.2d 1032 (Ill. May 26, 2010).

On December 27, 2011, this court dismissed Plaintiff's complaint and directed him to demonstrate by January 27, 2012, why his complaint should not be dismissed as untimely. On February 8, 2012, after having received no pleadings from Plaintiff, the court dismissed this case based upon his failure to respond to the December 27, 2011, order. On February 16, 2011, the court received a pleading titled "Motion on Issue of Liability" from Plaintiff, stating that he could not have brought his current § 1983 claims until his conviction had been invalidated. (Doc. #13) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). Plaintiff also filed a notice of appeal.

The court construed Plaintiff's "Motion on Issue of Liability" as a motion for new trial under Fed. R. Civ. P. 59(e), and denied the motion upon determining that Plaintiff had neither shown manifest error with the court's February 8, 2012, dismissal order nor presented newly discovered evidence. (Doc. #17.) Currently before this court is Plaintiff's motion to proceed IFP on appeal (#16), which was docketed after the entry of the court's denial of his post-judgment motion. Plaintiff has also filed a Statement of Facts, which consists of the opinion from the Illinois appellate court. (#20.)

Plaintiff's motion to proceed IFP on appeal must be denied. First, Plaintiff provides an incomplete application as he includes neither a certificate from an authorized officer stating the amount of funds in Plaintiff's jail trust account nor a copy of the statement of that account. Second, for the reasons stated by the court in its February 8, and March 7, 2012, orders, the court finds that this action does not raise a substantial issue meriting appellate review. The court thus certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith and that no appeal should be taken.

**STATEMENT**

    This court's certification that the appeal is not being taken in good faith requires Plaintiff either (1) to pay the full $455 within 14 days, *see Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997), overruled on other grounds by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000), or (2) to file a motion in the Seventh Circuit seeking review of this court's finding that the appeal is not taken in good faith. Such a motion must be filed within 30 days after service of this order. *See* Fed. R. App. P. 24(a).

    Accordingly, Plaintiff's motion for leave to appeal *in forma pauperis* is denied. Plaintiff is ordered to pay the $455 appellate fee within 14 days of the date of this order. Plaintiff's failure to comply with this order may result in dismissal of his appeal by the Court of Appeals for want of prosecution. Plaintiff is responsible for ensuring payment of the filing fees, and should ensure that the institution having custody of him transmits the necessary funds. Nonpayment may be considered as a voluntary relinquishment of the right to file future suits *in forma pauperis*. *See Thurman v. Gramley*, 97 F.3d 185, 188 (7th Cir. 1996).

    Payment should be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case numbers assigned to this action and to his appeal (No. 12-1390).